Mr. Justice Cox
delivered the opinion of the court.
In this case the record shows that on the 25th of November, 1885, Geyer recovered judgment against Barrick for $140 damages and $22.55 costs; and on the 18th of December, 1885, Barrick recovered a judgment against Geyer for $25 damages and $143 costs, the latter judgment being about $6 more than the other.
Geyer then came into court and moved that the court credit the judgment in the case against him on the judgment in his favor, the motion being in the following words:
“And now conies the defendant by his attorneys and shows the court that a judgment has been rendered in this cause against him for $25; and that heretofore in this court, in cause No. 24,750 at law, he obtained a judgment against the plaintiff for $140. He therefore moves the court to order the credit of the judgment in this case against him on the judgment in his favor in No. 24,750 at law, and to order this judgment entered satisfied.”
But the court, instead of doing that, ordered the whole of the judgment against him to be credited on his judgment, including $143 for witness fees. That paid him off and left him a little in debt. Not liking that, he appealed *33 from the action of the court on the ground that Barrick did not own the witness fees, and therefore was not entitled to set them off against this judgment of $140.
But we think the court was right, because the judgment was an entirety and the whole amount, including the costs and witness fees, belongs to the plaintiff with the single exception that the court will not allow the taxable attorney’s fees to be set off against the mutual debts of the parties. They can have the benefit of the witness fees and treat that part of the judgment as belonging to them. The law has provided another remedy for witnesses. They may sue before a justice of the peace for their fees. But the whole of the judgment including witness fees belongs to the plaintiff, and the court was right in setting off the whole of the judgment. That is the only point in the case.
The judgment is affirmed.